UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERT MOORE,<br><br>       Plaintiff,<br><br>v.<br><br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC., et al.,<br><br>       Defendants. | 2:11-CV-01020-PMP-RJJ<br><br><br>ORDER |

       Presently before the Court is Plaintiff Robert Moore's ("Moore") Motion for Leave to Amend his Complaint (Doc. #56), filed on September 14, 2012. Defendants Mortgage Electronic Registration Systems, Inc. ("MERS") and ReconTrust Company N.A. ("ReconTrust") filed an Opposition (Doc. #60) on October 12, 2012. Moore filed a Reply (Doc. #63) on October 17, 2012.

       The parties are familiar with the facts in this case and the Court will not repeat them here except where necessary. On June 21, 2011, Moore filed his Complaint asserting claims for fraud (count one), satisfaction (count two), wrongful foreclosure (count three), violation of Nevada Revised Statutes Chapter 107 (count four), slander of title (count five), interference with contractual relationship (count six), declaratory relief (count seven), and temporary restraining order, preliminary injunction, and permanent injunction (count eight). (Compl. (Doc. #1).) MERS and ReconTrust subsequently filed a Motion to Dismiss. (Mot. to Dismiss (Doc. #22).) On March 26, 2012, the Court granted MERS and ReconTrust's Motion to Dismiss as to all counts except Moore's first claim for relief for fraud. (Order

(Doc. #47).)

Moore now moves to amend his Complaint to include additional defendants and to assert sixteen new claims for relief. MERS and ReconTrust oppose the motion, arguing that amendment is futile and that Moore's proposed Amended Complaint largely repeats the same factual allegations in the claims that the Court already dismissed.

Generally, a plaintiff may amend his complaint once "as a matter of course" within twenty-one days of serving it, or within twenty-one days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Id.; Forman v. Davis, 371 U.S. 178, 182 (1962). "The court considers five factors in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." United States v. Corinthian Colls., 655 F.3d 984, 995 (9th Cir. 2011). It is within the district court's discretion to determine whether to grant leave to amend, and "[a] district court does not err in denying leave to amend where the amendment would be futile." Gardner v. Martino, 563 F.3d 981, 990 (9th Cir. 2009).

There is no indicia of bad faith or undue delay, and Moore has not previously amended his complaint. Therefore, the central questions are whether amendment would be futile and whether it would result in prejudice to Defendants. Having read and considered Moore's fully briefed Motion to Amend, the Court finds the following claims are futile or otherwise fail to state a claim as a matter of law: violation of Nevada Revised Statutes § 205.377 (count two); violation of Nevada Revised Statutes § 205.395 (count three); violation of Nevada Revised Statutes § 239.330 (count four); fraudulent foreclosure (count five); breach of contract (count seven); judicial estoppel (count eight); negligence (count ten); violation of Nevada's Deceptive Trade Practices Act (count eleven); negligence (count

2

thirteen); negligence (count fifteen); and claim in equity for cancellation of the deed of trust (count sixteen).  Further, Moore withdraws his proposed claim for breach of the covenant of good faith and fair dealing (count six).  (Pl.'s Reply to Defs.' Opp'n to Pl.'s Mot. for Leave to Amend Pl.'s Compl. Pursuant to Rule 15(a)(2) (Doc. #63) at 9.)  Given that these claims fail as a matter of law, prolonging the litigation by permitting amendment would result in undue prejudice to MERS and ReconTrust.  As such, the Court, in its discretion, will deny Moore's request for leave to amend to add these claims.  The Court, however, will grant the motion as to the remaining proposed claims: violation of Nevada Revised Statutes § 205.372 (count one); fraud (count nine); fraud (count twelve); and fraud (count fourteen).

IT IS THEREFORE ORDERED that Plaintiff Robert Moore's Motion for Leave to Amend Plaintiff's Complaint Pursuant to Rule 15(a)(2) (Doc. #56) is hereby GRANTED in part and DENIED in part.  The motion is GRANTED as to proposed counts one, nine, twelve, and fourteen.  The motion is DENIED in all other respects.

IT IS FURTHER ORDERED that Plaintiff Robert Moore shall file an Amended Complaint that complies with this Order within twenty (20) days from the date of this Order.  Plaintiff Robert Moore shall not add any additional allegations or defendants beyond what is permitted by this Order, and he shall delete those allegations and defendants that are not relevant to counts one, nine, twelve, and fourteen.

DATED: October 28, 2012

_____
PHILIP M. PRO
United States District Judge

3