UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERT MOORE,<br><br>    Plaintiff,<br><br>v.<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. and RECONTRUST COMPANY, NA,<br><br>    Defendants. | 2:11-CV-01020-PMP-NJK<br><br>ORDER |

Presently before the Court is Defendants' Motion for Summary Judgment (Doc. #70), filed on January 14, 2013. Plaintiff Robert Moore filed an Opposition (Doc. #78) on February 14, 2013. Defendants did not file a reply.

Also before the Court is Plaintiff Robert Moore's Motion Demonstrating as a Matter of Law that the Corporate Assignment of Deed of Trust is a False and Fraudulent Document (Doc #71), filed on January 14, 2013. Defendants filed an Opposition (Doc. #77) on February 14, 2013. Plaintiff Robert Moore filed a Reply (Doc. #79) on February 20, 2013, and an Amended Reply (Doc. #80) on February 26, 2013.

**I.  BACKGROUND**

On February 23, 2005, Plaintiff Robert Moore ("Moore") obtained a $1 million loan from Silver State Financial Services, secured by a deed of trust on his property at 7416 Oak Grove Avenue, Las Vegas, Nevada. (Mot. Summ. J. ["MSJ"], Ex. A.) The trustee under the deed of trust was Equity Title of Nevada. (Id.) The deed of trust identified Defendant Mortgage Registration Systems, Inc. ("MERS") as a nominee for the lender and as a beneficiary under the deed of trust. (Id.)

1   On May 20, 2009, Defendant ReconTrust Company, N.A. ("ReconTrust") recorded a Notice of Default and Election to Sell which stated Moore had failed to make payment on the loan when due. (MSJ, Ex. D.) On May 27, 2009, ReconTrust recorded a substitution of trustee executed on May 22, 2009 by MERS, substituting ReconTrust for Equity Title of Nevada as trustee under the deed of trust. (MSJ, Ex. B.) ReconTrust then recorded a series of Notices of Trustee's Sale, setting various dates for the foreclosure sale of the property. (MSJ, Exs. E-H.)

On December 1, 2010, ReconTrust recorded a Corporation Assignment of Deed of Trust ("Assignment") executed by MERS transferring all beneficial interest under the deed of trust to "The Bank of New York Mellon fka The Bank of New York, as trustee for the Certificateholders CWMBS, Inc. Mortgage Pass-through Certificates, Series 2005-14." (MSJ, Ex. C.) Pursuant to a Pooling and Servicing Agreement, CWMBS, Inc. is the depositor and The Bank of New York is trustee for the "CHL Mortgage Pass-through Trust 2005-14 Mortgage Pass-through Certificates, Series 2005-14." (MSJ, Ex. L; see also id., Ex. M.) ReconTrust thereafter recorded two more Notices of Trustee's Sale. (MSJ, Exs. I, J.)

On June 21, 2011, Moore filed the present action in this Court asserting various claims against MERS and ReconTrust seeking damages and injunctive relief. (Compl. (Doc. #1).) The next day, Moore recorded a Notice of Lis Pendens. (MSJ, Ex. K.) On June 29, 2011, the Court granted Moore's motion to enjoin a foreclosure sale of the property. (Mins. of Proceedings (Doc. #13); Prelim. Inj. (Doc. #18).) Defendants thereafter moved to dismiss, which the Court granted in large part. (Order (Doc. #47).) Moore filed an Amended Complaint asserting four claims against Defendants MERS and ReconTrust.[1]

---

[1] The Amended Complaint, filed on November 9, 2012, adds allegations against Charlotte Olmos, Khadija Gulley, Regina Myles, and Bank of America, N.A. However, none of these new proposed defendants is identified in the caption of the Amended Complaint. (Am. Compl. (Doc. #66)

2

Count one alleges MERS committed a per se violation of Nevada Revised Statutes § 205.372 based on the recording of the Assignment, which Moore contends is fraudulent because it does not identify an existing entity as the assignee.[2] (Am. Compl. (Doc. #66) at 12, 15-16.) Count two alleges MERS committed fraud when it assigned the deed of trust to a non-existent entity. (Id. at 16-18.) Count three alleges MERS committed fraud when it executed the substitution of trustee substituting ReconTrust for Equity Title of Nevada because MERS "does not have the alleged beneficiary status [the signor] claims in the Substitution." (Id. at 18-20.) Count four alleges ReconTrust committed fraud by filing the Notice of Default, which Moore alleges is fraudulent because MERS "does not have the alleged beneficiary status" claimed in the Notice of Default. (Id. at 20-22.)

Defendants now move for summary judgment, arguing Moore cannot state a claim under Nevada Revised Statutes § 205.372 because that is a criminal statute which he has no standing to enforce. Defendants also argue Moore cannot establish any Defendant committed fraud because MERS properly transferred the deed of trust to Bank of New York as trustee, and courts have rejected challenges to MERS' authority to do so. Defendants also contend the identified trust is a valid and existing trust. Defendants further argue that even if Defendants made a misrepresentation, Moore did not rely on it, nor has he provided evidence that Defendants intended to induce any such reliance. Finally, Defendants assert Moore has not established any damages.

---

at 1.) There is no indication in the record that Moore has served any of these individuals or entities. Moore does not argue he has any claims against these individuals or against Bank of America, N.A. in the summary judgment briefing.

[2] The Amended Complaint alleges various bases for a per se violation of § 205.372 in count one, but in the summary judgment briefing, Moore disclaims any argument except his contention that the Assignment names a non-existent entity. (See, e.g., Am. Compl. at 13-15; Statement of Genuine Issues in Opp'n to Mot. Summ. J. (Doc. #78) at 14-17; Mem. of P. & A. in Opp'n to Mot. Summ. J. (Doc. #78-1) at 14; Reply Mem. of P. & A. in Support of Mot. Summ. J. (Doc. #79) at 3-4, 13-14.)

3

Moore responds to Defendants' Motion and separately moves to establish as a matter of law that the Assignment is a fraudulent document. Moore argues that the Assignment is fraudulent because it identifies the transferee as "The Bank of New York Mellon fka The Bank of New York, as trustee for the Certificateholders CWMBS, Inc. Mortgage Pass-through Certificates, Series 2005-14," but Moore contends no such entity exists. Rather, Moore contends, the Pooling and Servicing Agreement which Defendants provide identifies the trust as the "CHL Mortgage Pass-through Trust 2005-14 Mortgage Pass-through Certificates, Series 2005-14." Moore contends the Assignment therefore is a per se violation of Nevada Revised Statutes § 205.372 because the Assignment is false because it purports to transfer the deed of trust to an entity that does not actually exist. Moore contends he relied to his detriment because he had to defend title to the property. Moore asserts he suffered damages because he lost the benefit of a potential loan modification, was unable to freely alienate the property or take advantage of tax breaks for debt forgiveness, and he incurred fees and costs for maintaining the property and attorney's fees.

Defendants respond that Moore lacks standing to enforce the criminal provisions of § 205.372 and the civil provisions do not apply because they were not enacted until after Moore obtained his loan and after the Assignment was recorded. Defendants contend the assignee identified in the Assignment exists, as shown by the Pooling and Servicing Agreement. Defendants also repeat their arguments that Moore has not shown reliance or damages.

**II. DISCUSSION**

Summary judgment is appropriate if the pleadings, the discovery and disclosure materials on file, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is "material" if it might affect the outcome of a suit, as determined by the

4

governing substantive law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  An issue is "genuine" if sufficient evidence exists such that a reasonable fact finder could find for the non-moving party.  Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).  Initially, the moving party bears the burden of proving there is no genuine issue of material fact.  Leisek v. Brightwood Corp., 278 F.3d 895, 898 (9th Cir. 2002).  After the moving party meets its burden, the burden shifts to the non-moving party to produce evidence that a genuine issue of material fact remains for trial.  Id.  The Court views all evidence in the light most favorable to the non-moving party.  Id.

**A. Count one - Per se Violation of Nevada Revised Statutes § 205.372**

Nevada Revised Statutes § 205.372(1)(e) makes it a crime for any person "who is a participant in a mortgage lending transaction" to "[f]ile[] or cause[] to be filed with a county recorder any document that the person knows to include a misstatement, misrepresentation or omission concerning a material fact."  Prior to October 2011, § 205.372 did not expressly provide for a private right of action.  Effective October 2011, the Nevada legislature added a civil cause of action under § 205.372 for the "owner or holder of the beneficial interest in real property which is the subject of mortgage lending fraud" to "recover any damages suffered by the owner or holder of the beneficial interest plus reasonable attorney's fees and costs."  Nev. Rev. Stat. § 205.372(7); Nev. Laws 2011 ch. 81, §§ 13, 15 (A.B. 284).

Generally, "when a statute does not expressly provide for a private cause of action, the absence of such a provision suggests that the Legislature did not intend for the statute to be enforced through a private cause of action."  Richardson Constr., Inc. v. Clark Cnty. Sch. Dist., 156 P.3d 21, 23 (Nev. 2007).  "Moreover, when a statute provides an express remedy, courts should be cautious about reading additional remedies into the statute."  Id.  A statute operates prospectively, "unless the Legislature clearly manifests an intent to apply the statute retroactively, or it clearly, strongly, and imperatively appears from

5

the act itself that the Legislature's intent cannot be implemented in any other fashion." Public Emps.' Benefits Program v. Las Vegas Metro. Police Dep't, 179 P.3d 542, 553 (Nev. 2008) (quotation omitted).  The Legislature is capable of stating a statute applies retroactively when that is its intention.  Id.

The Nevada Legislature's express provision of criminal remedies but not civil remedies supports the conclusion that the Legislature did not intend to provide a private right of action under § 205.372 prior to the 2011 amendments.  The fact that the Nevada Legislature later added such a remedy in October 2011 confirms that no private right of action previously existed under § 205.372.  Nothing in the language of or structure of the statute suggests the Nevada Legislature intended the amendment adding the civil remedy to be retroactive, and the amendment can be implemented to apply prospectively only to those instances of mortgage lending fraud which occur after the effective date.  Consequently, the amendment adding a civil cause of action does not apply retroactively to acts of alleged mortgage lending fraud occurring before the effective date of October 2011.

Moore bases his § 205.372 claim on the recording of the Assignment, which Moore contends MERS filed or caused to be filed with the county recorder knowing that it included a misrepresentation as to the assignee.  The Assignment was recorded in December 2010.  At the time the Assignment was recorded, there was no express private right of action under § 205.372.  The 2011 amendments adding a civil cause of action do not apply retroactively to the December 2010 Assignment which occurred before the effective date of the 2011 amendments.  Accordingly, Moore cannot bring a civil action under § 205.372 based on the December 2010 recording of the Assignment.  The Court will grant summary judgment in Defendants' favor on count one.

### B. Counts Two through Four - Fraud

Counts two through four of the Amended Complaint allege common law fraud. The elements of a common law fraud claim under Nevada law are: (1) the defendant made a

false representation; (2) the defendant knew or believed the representation was false or the defendant had an insufficient basis for making the representation; (3) the defendant intended to induce the plaintiff to act or refrain from acting in reliance on the misrepresentation; (4) the plaintiff justifiably relied on the misrepresentation, and (5) the plaintiff was thereby damaged. J.A. Jones Constr. Co. v. Lehrer McGovern Bovis, Inc., 89 P.3d 1009, 1018 (Nev. 2004); Bulbman, Inc. v. Nevada Bell, 825 P.2d 588, 592 (Nev. 1992). The plaintiff must prove each of these elements by clear and convincing evidence. Bulbman, 825 P.2d at 592.

Moore has failed to present evidence raising a genuine issue of material fact that he relied on the alleged misrepresentation in the Assignment. Rather, Moore's own statements indicate he did not rely on the alleged misrepresentation. In his Opposition, Moore responds to Defendants' argument that he cannot show justifiable reliance as follows:

> Plaintiff relied to his detriment and was forced to defend Title as per the Deed of Trust, page 3, "Borrowers Covenants" "Borrower warrants and will defend generally the title to the Property against all claims and demand, subject to any encumbrance of record." The contra point is what is relevant. If Plaintiff HAD relied on the Defendants' Misrepresentations, Plaintiff would have surrendered his home in an illegal foreclosure, to an entity that is not the Beneficiary as defined in the Nevada's Statutes.

(Statement of Genuine Issues in Opp'n to Mot. Summ. J. (Doc. #78) at 24 (emphasis omitted).) Moore thus acknowledges he did not rely on the misrepresentation, by, for example, tendering payment to the wrong entity. Rather, Moore identified the representation as inaccurate and took action as a consequence of his belief that the representation was inaccurate. Consequently, no genuine issue of fact remains that Moore did not rely on the alleged misrepresentation. Because Moore's fraud claims rest on the

///

///

alleged misrepresentation in the Assignment,[3] and all of his fraud claims require him to prove he justifiably relied on the alleged misrepresentation,[4] no genuine issue of fact remains for trial. The Court therefore will grant summary judgment in Defendants' favor on counts two through four.

### III. CONCLUSION

IT IS THEREFORE ORDERED that Defendants Mortgage Electronic Registration Systems, Inc. and ReconTrust Company, N.A.'s Motion for Summary Judgment (Doc. #70) is hereby GRANTED.

IT IS FURTHER ORDERED that Plaintiff Robert Moore's Motion Demonstrating as a Matter of Law that the Corporate Assignment of Deed of Trust is a False and Fraudulent Document (Doc #71) is hereby DENIED.

IT IS FURTHER ORDERED that Judgment is hereby entered in favor of Defendants Mortgage Electronic Registration Systems, Inc. and ReconTrust Company, N.A. and against Plaintiff Robert Moore.

DATED: July 15, 2013

_____
PHILIP M. PRO
United States District Judge

---

[3] Counts three and four of the Amended Complaint do not, by their terms, rest on the alleged misrepresentation in the Assignment. (Am. Compl. at 18-22.) However, as discussed in footnote 2, Moore has disclaimed any alleged misrepresentation other than the purported misidentification of the assignee in the Assignment.

[4] To the extent Moore could bring a fraud claim under § 205.372, such a claim likewise would fail because Moore did not rely on the alleged misrepresentation in the Assignment. See Nev. Rev. Stat. § 205.372(1)(e) (providing one form of mortgage lending fraud as recording a document the person knows to contain a misrepresentation); Diamond v. Swick, 28 P.3d 1087, 1090 (Nev. 2001) (stating that the terms "misrepresentation" and "fraud" in a statute ordinarily would indicate the Legislature intended to require proof of fraudulent intent and detrimental reliance).